# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

RUSSELL H. HARDY, III,                                              PLAINTIFF

v.                                  CIVIL ACTION NO.:  4:14cv8-SA-DAS

DR. JAMES BURKE, et al.,                                          DEFENDANTS

## ORDER

This matter comes before the Court on Plaintiff's motion for a default judgment as to James Burke, J. Hochberg, and Thomas Lehman (hereinafter "Defendants"), and Defendants' motion to set aside the Clerk's entry of default against them.

On October 15, 2014, the Clerk, upon Plaintiff's motion, entered a default against Defendants based on their failure to plead or otherwise defend the § 1983 action filed by Plaintiff.  Plaintiff subsequently requested entry of a default judgment.  On December 23, 2014, Defendants' counsel filed a motion to set aside the default, claiming that he had erroneously believed that all claims had been dismissed against Defendants.[1]  Counsel also claims that process was not properly accepted for Dr. Lehman, and he notes that the process issued to Defendants Burke and Hochberg was "served through some other party."  Mot. [46] at 2. Counsel states his belief that Defendants have a meritorious defense in this cause and requests that the attached Answer be accepted if the Court sets aside the default.

Rule 55 of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for good cause.  Fed.R.Civ.P. 55(c).   It is within the district court's discretion to set aside a default.  *See United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.

---

[1]  The Court previously dismissed all claims against two other individuals initially named in the lawsuit as defendants.

1

1985).   Among the factors court considering whether to set aside an entry of default should consider is "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.*  The Court considers these factors while acknowledging that a default judgment, as a drastic and extreme remedy, is not favored under federal law and procedure. *See Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

Weighing the applicable factors in this case, the Court concludes that the default should be set aside.  Defendants' failure to respond to the litigation against them appears negligent, rather than wilful.  Plaintiff has not responded to Defendants' motion, and the Court has no reason to conclude that he would be prejudiced by setting aside the entry of default in this cause. Moreover, the Court notes that this action is governed by the Prison Litigation Reform Act, which states that "waiver [of the right to reply to a prisoner action] shall not constitute an admission of the allegations contained in the complaint" and "[n]o relief shall be granted to the plaintiff unless a reply has been filed."  42 U.S.C. § 1997e(g)(1).  Accordingly, it is hereby

**ORDERED**:

1.  That Plaintiff's motion for default judgment [42] is **DENIED**.

2.  That Defendants' motion to set aside the Clerk's entry of default [46] is **GRANTED**, and the Clerk's entry of default is hereby set aside.

3.  That Defendants' proposed Answer, which is attached as an exhibit to their motion to set aside default, be docketed as Defendants' Answer in this cause.

4.  That a scheduling order issue upon entry of this Order.

**THIS** the 30th day of January, 2015.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**